```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| CORDERO J. RUMPH SR. – PRO-SE ON BEHALF OF INFANT MALE – C.R. JR., <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, et al., <br><br> Defendants. | 18-CV-8862 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

The caption of this *pro se* complaint lists Cordero J. Rumph Sr. ("Rumph") as the sole plaintiff.[1] It also states that Rumph brings this action "on behalf of infant male C.R. Jr.," and it lists "Power of Attorney, − Angela Vogt" above Rumph's name.[2] Angela Vogt submitted to the Court a letter and executed power of attorney form indicating that she is authorized to act on Rumph's behalf in certain matters. (ECF No. 3.) Vogt completed and signed the complaint, IFP application, and prisoner authorization in Rumph's name. The allegations in the complaint arise from injuries that Plaintiff's minor son, C.R. Jr., allegedly sustained in a day care center in Brooklyn, New York.

On January 10, 2019, the Court received a motion from Rumph himself in which he requests that the Court put this action, and his other actions in this Court, "on hiatus/hold." (ECF No. 5.) With that motion, Rumph submitted $100.00 in partial payment of the relevant fees to

---

[1] Rumph is currently incarcerated in the Cape Vincent Correctional Facility.

[2] The complaint, request to proceed *in forma pauperis* ("IFP application"), prisoner authorization, and an accompanying letter list the full name of a minor child. (ECF Nos. 1-4.) Under Rule 5.2 of the Federal Rules of Civil Procedure, however, any references to a minor child's name in a Court submission must be limited to the child's initials. *See* Fed. R. Civ. P. 5.2(a)(3). The Court therefore refers to the minor child as "C.R. Jr.," and has directed the Clerk of Court to restrict electronic docket access to the complaint, IFP application, prisoner authorization, and letter to a "case participant-only" basis.

commence this action. For the reasons discussed below, the Court dismisses this action without prejudice to any future civil action Rumph himself may file. The Court also denies Rumph's motion as moot, and directs the Clerk of Court to issue Rumph a refund of the funds he paid.

## DISCUSSION

### A.  Power of attorney

"[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).[3] District courts within this Circuit have held that this rule applies even if the person bringing the action on behalf of another person has power of attorney. *See, e.g.*, *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (E.D.N.Y. Mar. 19, 2018) ("A non-attorney agent with power of attorney may not appear *pro se* on behalf of the principal."), *aff'd*, No. 18-1331, 2019 WL 1178739 (2d Cir. Mar. 13, 2019) (summary order); *Munger v. Cahill*, No. 9:16-CV-0728, 2017 WL 2123851, at *2 (N.D.N.Y. May 16, 2017) ("A power of attorney does not allow that person to proceed pro se on behalf of their principal[.]") (internal quotation marks and citation omitted); *Valle v. Green Tree Servicing, LLC*, No. 3: 16-CV-0277, 2017 WL 1053848, at *5 (D. Conn. Mar. 20, 2017) ("[D]istrict courts in the Second Circuit have routinely held that '[a] power of attorney does not allow that person to proceed pro se on behalf of their principal.'") (citation omitted, collecting cases); *Miller v. Town of Morrisville*, No. 2:14-CV-0005, 2015 WL 1648996, at *3 (D. Vt. Apr. 14, 2015) ("[T]he granting of a power of attorney to a non-lawyer does not enable that person to appear in court on the grantor's behalf."); *Gutierrez-Flores v. Tryon*, No. 12-CV-931F, 2014 WL 2930461, at *2

---

[3] For this reason, non-attorney parents may not represent their minor children *pro se* in federal court. *See, e.g., Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 61 (2d Cir. 1990).

2

(W.D.N.Y. June 26, 2014) ("[A] power of attorney does not allow a person . . . to proceed *pro se* on behalf of the principal."); *Mandeville v. Wertheimer*, No. 01-CV-4469 (JSR) (DF), 2002 WL 432689, at *2-3 (S.D.N.Y. Mar. 19, 2002) (denying non-attorney adult child's application to appear *pro se* as her parents' guardian based on her power of attorney).

Although Vogt has power of attorney over some of Rumph's affairs, she has not alleged that she is an attorney. She therefore cannot proceed on Rumph's or C.R. Jr.'s behalf or sign Court submissions for either of them. The Court therefore dismisses without prejudice any claims that Vogt brings on behalf of Rumph or C.R. Jr.[4]

**B.      Signatures, *In Forma Pauperis*, and Fees**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court of the United states has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

In order proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the

---

[4] Vogt filed two other actions in this Court on Rumph's behalf. *See Rumph v. City of New York,* No. 18-CV-8861 (LLS) (S.D.N.Y. Nov. 6, 2018) (dismissing action without prejudice to any future action Rumph may file); *Rumph v. City of New York,* No. 18-CV-8863 (CM) (S.D.N.Y. Jan. 25, 2019) (same).

$350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[5] from the prisoner's prison trust fund account in installments and to send to the Court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

The complaint, IFP application, and prisoner authorization submitted in this action (ECF Nos. 1, 2, & 4) do not comply with Rule 11(a) because Vogt, who is not a party to this action, signed them, not Rumph, the plaintiff. Because of that, and because Rumph himself requests that the Court put this action "on hiatus/hold" and has only paid $100.00 towards the relevant fees, it is unclear whether Rumph wants to proceed with this action, or whether he understands that if he were to file an IFP application as a prisoner and the Court granted it, the $350.00 filing fee would be deducted in installments from his prison trust fund account. Accordingly, the Court additionally dismisses this action without prejudice to Rumph's signing his own complaint, IFP application, and prisoner authorization and filing those documents on his own behalf to commence a new federal civil action.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Cordero J. Rumph Sr., and note service on the docket. The Court dismisses this

---

[5] The $50.00 administrative fee for filing a federal civil action does not apply to persons granted IFP status under § 1915.

action without prejudice to any future civil action Rumph may file.[6] The Court denies Rumph's motion to put this action "on hiatus/hold" as moot. (ECF No. 5.) The Court directs the Clerk of Court to refund to Rumph any partial payment of the filing fee ($100.00) that the Clerk has received from him.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 26, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[6] The Court cautions Rumph that if a prisoner files a federal civil action or appeal that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the relevant fees at the time of filing any new federal civil action.